JOSE GOMEZ and Others, Appellants, *v.* WILLIAM HAGAMAN and Others, Respondents.

*Preferences created by a failing debtor by a bill of sale — the statutory limitation of preference applies only to assignments — assumption by one firm of the debts of another, how shown.*

A failing debtor may prefer any and all of his creditors by a bill of sale to such an extent as his property will permit; the statute limiting the amount of preferences only applies to a general assignment for the benefit of creditors.

The assumption by a firm of the debts of another firm, existing on a certain date, may be established by facts and circumstances, although there is no express agreement between the parties to that effect.

APPEAL by the plaintiffs, Jose Gomez and others, from a judg-ment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 31st day of October, 1893, upon the report of a referee dismissing the plaintiffs' complaint upon the merits.

*George H. Mallory,* for the appellants.

*George H. Stevens,* for Samuel C. Wooster, respondent.

*Arthur L. Andrews,* for William Hagaman, respondent.

PER CURIAM:

It is now settled that a failing debtor may prefer any of his cred-itors *by a bill of sale* to such an extent as his property will permit;

that the statute limiting the amount of preferences only applies to a general assignment for creditors. The conclusion reached by PARKER, J., in *London* v. *Martin* (79 Hun, 229) is clearly supported by the authorities cited in his opinion.

The only questions, then, to be considered are of fact. After reading and carefully considering the evidence contained in the case, and the elaborate points presented by counsel, we have reached the conclusion that we cannot properly reverse the findings of the referee on the facts.

There was testimony from which he was justified in determining that the firm of Samuel Stevens & Co. assumed the debts of Samuel Stevens, in his business, existing on April 1, 1887. Such an assumption may be established by facts and circumstances, although there was no express agreement between the parties to that effect. (*Peyser et al.* v. *Myers et al.*, 135 N. Y. 599; *Hannigan et al.* v. *Morrissey, Impld.*, 37 N. Y. St. Repr. 138.)

The facts and circumstances appearing in this case were sufficient to sustain the conclusion reached by the referee, and the evidence also upholds his finding that the bill of sale, which this action is brought to set aside, was not executed with intent to hinder, delay or defraud creditors. If the White debt mentioned in the bill of sale was not a co-partnership but an individual debt of Samuel Stevens, that fact would not, in our judgment, avoid the bill of sale as to Wooster and Hagaman, the evidence showing that they received it in good faith to secure honest debts and without any knowledge that White's claim was not a firm debt.

We think it unnecessary to enter into a discussion of the questions of fact involved, and conclude that the judgment should be affirmed, with costs.

Present — MAYHAM, P. J.; PUTNAM and HERRICK, JJ.

Judgment affirmed, with costs.